Davjd T. Gibbons, J.
Under the indictment herein dated October 27, 1972, the defendant is charged with the crimes of assault in the second degree (Penal Law, § 120.05), a Class D felony in the first count, and possession of a weapon, dangerous instrument and appliance as a misdemeanor (Penal Law, § 265.05, subd. 3), a Class A misdemeanor, in the second count.
It is alleged that the criminal acts upon which both counts are based occurred on October 31,1971.
By notice of motion submitted on December 15, 1972, the defendant moves “ for an order dismissing the indictment herein pursuant to Section '210.20 of the Criminal Procedure Law on the ground that the criminal prosecution initiated by the said indictment was not commenced within the period of limitation prescribed in Section 30.10 of the Criminal Procedure Law, and for stich other and further relief as to the court may seem just and proper.”
CPL 30.10 provides that a prosecution for any felony (other than a Class A felony) must be commenced within five years after the commission thereof (subd. 2, par. [b]). It also provides that a prosecution for a misdemeanor must be commenced within two years after the commission thereof (subd. 2, par. [c]).
Both counts of this indictment were instituted within the respective periods of limitation mandated by CPL 30.10, and there is no basis for a dismissal because of failure to commence the said criminal action within the time limited therefor by law.
A reading of the defendant’s moving affidavit, however, discloses that the main thrust of this motion is for a dismissal of the indictment under CPL 30.30 and 210.20 (subd. 1, par. [g]), and section 12 of the Civil Rights Law, upon the ground that the defendant has been denied his constitutional right to a speedy *582 trial. The court will now concern itself with the determination of this aspect of the matter.
From the papers and records before the court, it has been established that the procedural sequence of events in the prosecution of this ease is as follows:
The defendant was arrested on October 31,1971, and charged in a Nassau County District Court felony complaint, dated that date, with the crime of assault in the second degree, in that, on October 31,. 1971, the defendant, with intent to prevent the complainant, a police officer, from performing a lawful duty, struck him with a billy, causing injuries to him, which necessitated medical attention.
On November 5,1971, the defendant demanded a felony examination.
At the conclusion of the felony examination conducted before Judge Alfred S. Bobbins of the Nassau County District Court, on January 5, ■ 1972, the defendant’s motion to dismiss was granted upon the ground that No reasonable, cause shown ”, and the defendant was then discharged.
The matter remained in a state of dormancy for 2 months and 22 days until March 27, 1972, when it was presented to the Nassau County Grand Jury.
The instant indictment was handed up on October 27, 1972, after a lapse of seven months irom its presentment.
The defendant was arraigned in this court on November 8, 1972, at which time he entered a plea of not guilty.
The defendant now takes the position that: “ The failure of the district attorney to present the indictment, or for the Grand Jury in fact to have come down with an indictment at any time prior to this date [October 27, 1972], is in effect a denial of the guarantee of a speedy trial ”.
The defendant claims that his rights were impaired by the pre-presentment delay of almost three months coupled with the delay of seven months that elapsed between presentment and the handing up of the indictment on October 27,1972.
The People, in opposition urge, (1) that under CPL 30.30 (which became effective on April 28, 1972) the first accusatory instrument to be considered in this matter in determining the defendant’s speedy trial rights was the instant indictment, and not the District Court felony complaint as contended by the defendant, (2) that the pre-indictment delay subsequent to the District Court’s dismissal of the felony complaint was due to the pressure of the District Attorney’s case load, and (3) that the defendant has made no factual showing that he was prejudiced by the delay.
*583 This motion presents for the court’s consideration the question, whether the speedy trial rule as expressed in United States v. Marion (404 U. S. 307 [1972]), applies to a situation where delay ensues between the dismissal of the preliminary felony complaint and the handing up of an indictment, embracing the same criminal transaction, by the Grand Jury, as distinguished from the case where such pre-indictment delay may ensue after a felony complaint is not so dismissed, and the defendant is continued held, pending action by the Grand Jury.
The court will also consider, whether, under the particular circumstances presented here, there was such inordinate delay coupled with any overreaching by the prosecution to the defendant’s prejudice, as to warrant the conclusion that his due process of law rights under the Constitution have been violated.
At the outset of this inquiry into the law on the questions presented, it must first be noted that in Klopfer v. North Carolina (386 U. S. 213, 223 [1967]), the right to a speedy trial was construed to be a fundamental right which is imposed upon the respective States by the due process clause of the Fourteenth Amendment and, secondly that in United States v. Marion (404 U. S. 307, 320, supra), the Supreme Court of the United States established the rule that a putative defendant becomes an accused (within the meaning of the Sixth Amendment), when there “ is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of speedy .trial provision of the Sixth Amendment ”. (Emphasis added.)
The Legislature of this State has likewise assured to its citizenry the same right to a speedy trial under GPL 30.20, and section 12 of the Civil Eights Law.
Essentially, under the rule expressed in Marion (supra) (which must be applied in construing the speedy trial rule in this State), the point at which the defendant’s speedy trial rights are triggered is when he becomes an accused, and this is further defined to occur when he is arrested and held to answer for a crime, and which element of restraint must continue unbroken until the trial.
In the instant matter, the • felony complaint issued in the Nassau County District Court on October 31, 1971, constituted an accusatory instrument as that term is defined in subdivision 8 of CPL 1.20, which provides as follows: “ 8. ‘ Felony complaint ’ means a verified written accusation by a person, more fully defined and described in article one hundred, filed with a local criminal court, which charges one or more defendants with the commission of one or more felonies and which serves to com *584 menee a criminal action but not as a basis for prosecution thereof.”
Under subdivision 5 of CPL 100.10, the above-mentioned limited purpose of the felony complaint is again repeated. v
After the hearing on the felony complaint was concluded on January 5, 1972, the court, by authority of CPL 180.70, could have disposed of the matter in one of four different ways, which are provided as follows:
1. “If there is reasonable cause to believe that the defendant committed a felony, the court must, except as provided in subdivision three, order that the defendant be held for the action of a grand jury of the appropriate superior court, and it must promptly transmit to such superior court the order, the felony complaint, the supporting depositions and all other pertinent documents. Until such papers are received by the superior court, the action is deemed to be still pending in the local criminal court ”, or
2. “If there is not reasonable cause to believe that the defendant committed a felony but there is reasonable cause to believe that he committed an offense other than a felony, the court may, by means of procedures prescribed in subdivision three of section 180.50, reduce the charge to one for such non-felony offense ”, or
3. “ If there is reasonable cause to believe that the defendant committed a felony in addition to a non-felony offense, the court may, instead of ordering the defendant held for the action of a grand jury as provided in subdivision one, reduce the charge to one for such non-felony offense as provided in subdivision two, if (a) it is satisfied that such reduction is in the interest of justice, and (b) the district attorney consents thereto.”'
4. “ If there is not reasonable cause to believe that the defendant committed any offense, the court must dismiss the felony complaint and discharge the defendant from custody if he is in custody, or, if he is at liberty on bail, it must exonerate the bail.”
At the end of the felony hearing, Judge Bobbins of the Nassau County District Court found that there was not reasonable cause to believe that the defendant committed the offense, and, by virtue of subdivision 4 of CPL 180.70, disposed of the felony complaint by dismissing it and discharging the defendant from custody.
The determination of the question presented here now requires the court to consider the legal effect of such dismissal of the felony complaint and the defendant’s discharge from custody upon his right to a speedy trial under the Sixth Amendment.
*585 Light is cast upon this problem by a consideration of the purpose and language of CPL 100.05, which provides as follows: “ A criminal action is commenced by the filing of an accusatory instrument with a criminal court, and if more than one such instrument is filed in the course of the same criminal action, such action commences when the first of such instruments is filed. The only way in which a criminal action can be commenced in a superior court is by the filing therewith by a grand jury of an indictment against a defendant who has never been held by a local criminal court for the action of such grand jury with respect to any charge contained in such indictment. Otherwise, a criminal action can be commenced only in a local criminal court, by the filing therewith of a local criminal court accusatory instrument, namely: 1. An information; or 2. A simplified information; or 3. A prosecutor’s information; or 4. A misdemeanor complaint; or 5. A felony complaint.” (Emphasis added.)
The first sentence of this provision of law must be construed to mean that where successive accusatory instruments are filed in a case, for the purpose of determining when the action was commenced, reference must be made to the filing of the first.
This meaning, however, applies only in a situation where the first accusatory instrument results in a finding that reasonable cause exists and the defendant is held to answer, pending the handing up of a Grand Jury indictment.
The foregoing construction is fortified by an examination of the second sentence which clearly states that ‘ ‘ The only way in which a criminal action can be commenced in a superior court [a felony] ” (emphasis added) is by an indictment filed against a defendant who had not been held by a local criminal court for action by the Grand Jury.
The plain meaning and impact of this language is that where a defendant is not held for Grand Jury action by a lower court, as where it dismisses a felony complaint for lack of reasonable cause and discharges the defendant (as in this case), the filing thereafter of a Grand Jury indictment commences a felony prosecution in a superior court in the first instance, and where a defendant is held by a lower court for Grand Jury action following a finding of reasonable cause after a preliminary hearing, the accusatory instrument by which the defendant was brought into the lower court is deemed to be the accusatory instrument by which the felony prosecution was commenced even though it was followed by an indictment.
Application of the foregoing i lie to the instant case leads the court to conclude that this prosecution was commenced at the time when the Grand Jury indictment was filed on October 27, *586 1972. Defendant’s claim that it began at the timé when the defendant was arrested on the felony complaint is without merit for the reason that there was no continuity of holding the defendant to answer the charge after, the felony complaint was dismissed for lack of reasonable cause and the defendant discharged.
At the moment when this felony complaint was dismissed and the defendant discharged, he was no longer an “accused”, nor was he then subjected to “ the actual restraints imposed by arrest and holding to answer a criminal charge ” within , the contemplation of United States v. Marion (404 U. S.. 307, 320, supra), and, .therefore, “ the particular protections of. speedy trial provision of the Sixth Amendment ’ ’, were not then engaged.
The constitutional right to a speedy trial cannot be enforced when there is no action pending in which such right' may be asserted.
After the felony complaint had been dismissed and the defendant discharged, the matter resumed the status of a criminal cause which could lie dormant until the expiration of. the applicable Statute of Limitations, or, if sooner presented to a Grand Jury, it could ripen into an indictment.
In a comparable situation where the defendant contended that his right to a speedy trial was violated because of a delay of about six months between the dismissal of the first indictment and the presentment and return of a second one during which interval the defendant was not “ held to answer ”, the .Appellate Division,. Second Department, in People v. Dorian (18 A D 2d 1008) held: “ Nor, in our opinion, did the procuring of the new indictment violate defendant’s right to a speedy trial (People v. Rodriguez, 11 N Y 2d 279, 285, supra). Inasmuch as there was no showing that the defendant was ‘ held to answer for a crime ’ pending resubmission, the delay between the time .of the dismissal of the first indictment and the return of the second is immaterial. (Code Grim. Pro., § 667; cf. People v. Gearns, 14 Misc 2d 1010.) ” ' (See, also, People v. Steiger, 154 Misc. 538.)
This construction is compatible with the statutory scheme reflected in that part of CPL 30.10 (subd. 4, par. [b]), which excludes from the computation of the time limited for the commencement of a criminal action that period which may elapse between the dismissal of the first accusatory instrument and the return of a second based on the same conduct. It is there provided as follows: ‘ ‘ When a prosecution for an offense is lawfully commenced within the prescribed period of limitation therefor, and when an accusatory instrument upon which such prosecution is based is subsequently dismissed by an authorized court under directions or circumstances permitting the lodging of another *587 charge for the same offense or an offense based on the same conduct, the period extending from the commencement of the thus defeated prosecution to the dismissal of the accusatory iiistrument does not constitute a part of the period of limitation applicable to commencement of prosecution by a new charge.”
The remainder of this decision will relate to the effect, if any, of the pre-indictment delay upon the defendant’s due process of law rights under the Fourteenth Amendment.
Where it may be established that there has been some form of overreaching by the prosecution to contrive a delay in the commencement of a criminal action for its own benefit, the protective capabilities of the Fourteenth Amendment will be brought to bear to eliminate any resulting prejudice to the defendant.
In United States v. Marion (404 U. S. 307, 325, supra), the rule has been reaffirmed that the prosecution may not cause a criminal action to be “intentionally delayed to gain some tactical advantage over appellees or to harass them.”
The United States Supreme Court in Barker v. Wingo (407 U. S. 514, 531 [1972]), expressed the rule as follows: “ A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government.” (See, also, Pollard v. United States, 352 U. S. 354, 361 [1957]; Nickens v. United States, 323 F. 2d 808, 810, n. 2 [1963]; Ross v. United States, 349 F. 2d 210, 211 [1965].)
Where preindictment delay is urged as a basis for dismissal, it is not mere delay alone which provides the justification for the application of the Fourteenth Amendment, but rather, the degree of prejudice suffered by the defendant. (People v. Collins, 66 Misc 2d 340 [1971].)
In this regard, the defendant shall be called upon to establish “ actual prejudice to the conduct of the defense ”.
Inasmuch as the restraints imposed by the arrest and felony complaint herein were rendered abortive as a first step in initiating defendant’s speedy trial rights under the Sixth Amendment, by virtue of the dismissal of the felony complaint and discharge of the defendant on January 5, 1972, it therefore follows that the first accusatory instrument filed in this criminal action was the indictment returned on October 27,1972.
When this motion was submitted to this court on December 15, 1972, 1 month and 18 days had elapsed from the filing of this indictment, the first accusatory instrument herein. It is the determination of this court that the defendant is not now entitled to any postindictment relief based upon a claimed violation of his speedy trial rights under CPL 30.30 which became applicable to criminal actions commenced on and after May 1,1972.
*588 In the light of the issue raised by the opposing allegations of the parties in relation to the preindictment delay of almost 10 months, a hearing will be conducted before this court on the 29th day of January, 1973, at 9:30 a.m., or such other date as may be agreed to by counsel and satisfactory to the court, to determine whether the delay between arrest and return of the indictment herein was reasonable, and whether the defendant suffered prejudice. (People v. Townsend, 38 A D 2d 569.)
The determination of this motion will, therefore, be held in abeyance pending the determination of said issue after said hearing.