Jambs ft. Caruso, J.
The defendant has moved to dismiss the two indictments herein, upon the ground that he has been denied his right to a speedy trial as guaranteed by the United States Constitution.
By decision and order of this court dated February 13, 1973 (Brewster, J.), a hearing was directed to be held on the matter and the issues determined at Special Term, Part II of this court.
Pursuant to said order, a hearing was held before me on March 14,1973.
No sworn testimony was given by either the People or the defendant, neither wanting to assume the burden of going for- • ward with their proof.
This court ruled that the defendant, having brought on the motion for relief, was required to assume the burden of going forward in support of the allegations of his petition under subdivision 7 of CPL 210.45.
Upon this ruling, counsel for the defendant excepted thereto and offered no witness and rested upon the previously submitted papers. The District Attorney likewise rested on the papers previously submitted.
Both parties agreed to submit memorandums by April 14, 1973 and the court reserved decision.
The court is therefore called upon to make its decision based solely upon the moving papers submitted by both parties and the applicable law as to the burden of proof in applications of this nature. The defendant concedes in his moving affidavit that he was arrested on November 27,1972 and arraigned on both indictments that very afternoon. He further states that said indictments had been voted by the Grand Jury in November, 1970 and allege violation of law in September and October, 1970.
In support of his contention the defendant cites Barker v. Wingo (407 U. S. 514 [1972]) and People v. Prosser (309 N. Y. 353 [1955]) and states that “ absent good cause for delay, and absent adequate explanation for the District Attorney’s failure to move a case for trial, the indictment must be dismissed ”, citing People v. Wallace (26 N Y 2d 371); People v. Darrah (29 A D 2d 816); People v. Bryant (12 N Y 2d 719) and People v. Minicone (28 NY 2d 279).
The thrust of defendant’s argument as to “ prejudice ” is “ The delay between indictments and arrest in this case impairs seriously the defendant’s ability to prepare and effectuate *321 [sic] a workable defense No factual statement as to how, in what manner, and to what extent his defense has been impaired is stated, and what witness or witnesses died or disappeared during said period, and no oral proof was given in support thereof.
The People in their affidavit deny any deliberate attempt to delay in order to hamper the defense. It is pointed out that defendant was not available to arrest.
The People further state that “sealed indictments ” were voted and therefore the defendant was wholly unaware of, or anxious, or concerned about such indictments. The defendant was free to roam the streets as he pleased.
The People rely upon Barker v. Wingo (407 U. S. 514, supra); People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men (31 N Y 2d 498); People v. Laskowski (72 Misc 2d 580) and the recent decision of Brewster, J. of our County Court in People v. Marx (Indictment No. 44-1970, dated Feb. 5,1973).
After considering the motion papers and excellent briefs submitted by both counsel, the court decides as follows:
Subdivision 6 of CPL 210.45 provides, in pertinent parts, that if the court does not grant or deny the motion to dismiss an indictment upon the papers submitted, it must conduct a hearing and make findings of fact essential to the determination of the motion. Subdivision 7 of CPL 210.45 directs that at such a hearing the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion.
Assuming that the defendant had carried his burden on the papers, this court (Brewster, J.) would have been constrained to summarily grant the relief sought, absent a hearing (CPL 210.45, subd. 4). Having directed a hearing, a Judge of co-ordinote jurisdiction thereby expressly determined that defendant was unable to meet his burden absent a hearing. This court is bound by that determination, with which this court concurs. Hence, the defendant, having rested without introducing any testimony or evidence whatever at the hearing, necessarily must be found to have failed to prove by a preponderance of evidence those facts essential to support his motion. The motion is therefore denied.