Raymond E. Aldrich, Jr., J.
This is a motion brought by the defendant Denis Collins for an order (1) dismissing the indictment and discharging him, or, in the alternative (2) requiring a hearing to determine the reason and result of the delay alleged, or, in the alternative (3) granting him the right to inspect the minutes of the Grand Jury.
*341 The defendant, in an affidavit in support of the motion, states that the crimes allegedly occurred on September 16, 1970, that he was indicted and arrested approximately two and one-half months later, and that because of the long delay between the alleged crimes and his arrest he has little recollection of the day in question, is unable to remember the names of possible witnesses or even their existence, does not know whom he is accused of selling narcotic drugs to, and cannot aid in his own defense, and thus he moves to dismiss due to the prejudice of the delay.
The District Attorney in opposition states that the defendant has no constitutional right to be arrested at any particular time (Hoffa v. United States, 385 U. S. 293), and that the delay was caused because of the practice of law enforcement agencies to conduct an investigation extending over a period of time in order to achieve some effectiveness.
Section 142 of the New York Code of Criminal Procedure sets forth the Statute of Limitations for crimes, to wit: felonies, 5 years, and misdemeanors, 2 years. The time of commission of the crimes alleged in the indictment is within such statutory limitations ; however, this decision is not being made upon the application exclusively of such applicable Statute of Limitations.
This court believes that unreasonable delay between the commission of the criminal act complained of and the indictment and arrest may in certain cases be a denial of due process because of the hardship imposed upon the defendant through his inability to adequately prepare his defense to the charges due to lapse of time, and inability to account for or to reconstruct former events; however, a delay may not be unusual in narcotics cases because of the requirements of effective law-enforcement in such cases, and even though in certain cases some prejudice may be shown the defendant suffered because of a delay, due process has not been violated when the trier of the facts has been shown by competent, relevant and material evidence: (1) that the delay was explainable, (2) that it was not deliberate, and (3) that no undue prejudice attached to the defendant.
The guideline is the degree of the element of prejudice, not the delay itself, which may result in the violation of due process, and such question of violation of due process in narcotics cases involving such a question of delay is to be determined by the trier of the facts who will consider the weight of the testimony at the trial and the character and credibility of the witnesses or by the appellate tribunal upon review of the entire record of conviction. (Godfrey v. United States, 358 F. 2d 850 ; Ross v. *342 United States, 349 F. 2d 210 ; People v. Hernandez, 170 N. W. 2d 851 [Mich.].)
This court thus believes this motion should be brought on at the time of trial and/or on an appeal, after which time there will have been a full disclosure of all of the pertinent facts and circumstances involving the delay. If for example, the delay was caused because the crimes herein were part of a wider investigation and an arrest would surface an undercover agent and thereby jeopardize such investigation, and there was in fact no undue prejudice to the defendant, the motion would be denied.
This court feels great concern in a situation where an immediate arrest in an evidence-supported narcotics case is not made but when it can be made without disclosing the name of the undercover agent, for, fearfully, such procedure permits that person to continue the flow of narcotics among narcotic sellers, possessors and users to the further detriment of the public health and the impregnation of more citizens with narcotic drugs.
In deciding this motion, the court is not unmindful that the District Attorney has indicated that the alleged sale was made to a New York State undercover agent, and further that this court in the decision upon a prior motion for a bill of particulars declined to compel the People to reveal the name of such undercover agent at this time.
Furthermore, this court has previously passed upon a motion to inspect the Grand Jury minutes, which was denied as the evidence before the Grand Jury was legally sufficient to sustain the indictment.
Therefore, the motion to dismiss the indictment and discharge the defendant, or in the alternative to require a hearing or inspection of the Grand Jury minutes is denied, without prejudice to the defendant to renew at the trial and/or on appeal his motion to dismiss the indictment for delay.