■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR MINTZ, True Name ARTHUR NIMTZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 10, 1969 (indictment No. 1093/69), convicting him of criminally selling a dangerous drug in the second degree and criminal possession of a dangerous drug in the second and fourth degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant asserts that a 10-month delay between the commission of the crimes and his arrest deprived him of the opportunity to adequately defend himself. We recently held in a similar case that a hearing was necessary to determine whether, under the circumstances, such a delay was reasonable (*People* v. *Townsend*, 38 A D 2d 569). In *Townsend*, as in a line of Federal decisions which reached similar results (see, e.g., *Ross* v. *United States*, 349 F. 2d 210; *Woody* v. *United States*, 370 F. 2d 214; *United States* v. *Napue*, 401 F. 2d 107; *Jones* v. *United States*, 402 F. 2d 639), the issue of undue delay had been raised by the defendant at trial. In the instant case, however, the issue has been raised for the first time on appeal. The failure to promptly bring a claim of pre-indictment delay to the attention of the trial court has been held to be a waiver of the constitutional objections based upon the rights to due process and a speedy trial (*Benson* v. *United States*, 402 F. 2d 576; *Estrella* v. *United States*, 429 F. 2d 397). The test of waiver of a claim of undue delay prior to arrest and indictment should not differ from the test in cases of postindictment delay. The right to a speedy trial is a personal one which may be waived in various manners, including "failure to make a motion before or at the trial for a dismissal by reason of such delay" (*People* v. *Piscitello*, 7 N Y 2d 387, 388; see, also, *People* v. *White*, 2 N Y 2d 220, 223–224; *People* v. *Abbatiello*, 30 A D 2d 11, 15–16). In this case particularly, where the officer's testimony as to a sale of narcotics was supported by the testimony of two other detectives who had observed the transaction and by laboratory tests performed on the substance, there is no good reason to deviate from the usual rule as to waiver. We have considered defendant's other contentions and find them to be without merit. Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.