William T. Cowin, J.
This is a case of first impression involving the interpretation of CPL 30.30 enacted by the Legislature effective May 1, 1972 and applies to defendants arrested for felony or felonies (not homicide) committed after that date. The pertinent section provides: “ § 30.30 Speedy trial; time limitations.
1. Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within:
*13 “ (a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony * * *
“ 2. Except as provided in subdivision three, where a defendant has been committed to the custody of the sheriff in a criminal action he must be released on bail or on his own recognizance, upon such conditions as may be just and reasonable, if the people are not ready for trial in that criminal action within:
“ (a) ninety days from the commencement of his commitment to the custody of the sheriff in a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a felony”.
Twenty-six defendants, among whom this defendant is one, move separately to be released on their own recognizance pursuant to paragraph (a) of subdivision 2 of said section.
The facts are not in dispute. The defendant or defendants Avere arrested for felonies (not homicides) committed after May 1,1972, the effective date of the statute. In each case the defendant, unable to post bail, was remanded and committed to the custody of the Department of Correction and presently remain in custody. More than 90 days have elapsed from the time of commitment.
In order to properly evaluate the statute as it affects the rights of defendants, it is necessary to develop the evolutionary process of defendant’s right to a speedy trial.
The right to a speedy trial, first mentioned in the Magna Charta enforced by writ of habeas corpus, and affirmed in the Sixth Amendment to the United States Constitution, is part of our common-law heritage.
The importance of prompt trial of criminal offenses in a democratic society derives from the need of maintaining public order and preserving individual freedom. The social interest in the security of the public demands a speedy trial, for this facilitates both effective prosecution of criminals and greater deterrence to potential criminals. Bentham, in his Theory of Legislation (Ogden ed., 1931, p. 326) stated, “it is desirable that punishment should follow offence as closely as possible; for its impression upon the minds of men is weakened by distance, and, besides, distance adds to the uncertainty of punishment, by affording new chances of escape.” At the same time society, in its concern for freedom and for the individual life, seeks to prevent prolonged prosecution which may develop into persecution.
However, the development of a coherent and effective law guaranteeing defendant’s right to a speedy trial under the Sixth *14 Amendment has been slow. It was not until 1967 that the Supreme Court in Klopfer v. North Carolina (386 U. S. 213, 223) held that the speedy trial provision in the amendment was applicable to the States through the Fourteenth Amendment.
However, there is no consensus among the States on either the meaning of the term or the proper remedy when the right is violated.
In New York prior to the enactment of the statute under discussion, a defendant’s right to a speedy trial could be found in the terse provision of section 8 of the Code of Criminal Procedure, guaranteeing defendants the broad right to a speedy trial. However, no specific criteria were established and the courts took it upon themselves to define that right and provide guidelines. They adopted a case-by-case approach, spelling out the nature of defendant’s rights and the limitation thereof (see People v. Prosser, 309 N. Y. 353, 357). Some 16 years later the Court of Appeals in People v. Ganci (27 N Y 2d 418) held that good cause for delay would be accepted ‘ ‘ when the delay, though extensive, was not ‘ chargeable to the prosecutor and * * * occurred for reasons beyond his control or the control of the court’ ”, (See Supplementary Practice Commentary, Professor Richard Denzer, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 30.30,1972-1973 Annual Pocket Part, p. 14.)
At this juncture it should be noted that our criminal case calendars began to increase; backlogs developed; extensive delays of trials became the rule rather than the exception. Courts were faced with lack of funds and facilities and a shortage of experienced personnel. All the facets of the criminal justice machinery began to experience the same malaise. Rumblings could be heard from all segments of society.
The enactment of the new CPL effective September 1, 1971, did not alleviate the problem; it adopted the same broad provision that a defendant is entitled to a speedy trial; no other guidelines were established.
As a result of the adoption of the status quo by the enactment of the new CPL, the Administrative Board, recognizing the problem, pre-empted the field and promulgated its own rules (22 NYCRR 29.1-29.7). Generally, these rules provided that 90 days after arrest for any offense other than one of homicide, a defendant held in custody who had not been brought to trial would be entitled, upon application, to release on bail or on his own recognizance; and that upon the expiration of six months without trial, a defendant would be entitled to dismissal of the accusatory instrument (Supplementary Practice Commentary, *15 McKinney’s Cons. Laws of N. Y., Book 11A, CPL 30.30, 1972-1973 Annual Pocket Part, p. 14). The rules did not recognize any excuse for delay regardless of circumstance.
The Legislature, recognizing the harshness of the Administrative Rules passed a hybrid solution to the problem, i.e., CPL 30.30. It contains the People v. Ganci (27 N Y 2d 418, supra) approach of excusable delay if the District Attorney is unable to proceed to trial because of factors beyond his control, but at the same time maintained the time limitations of the Administrative Rules with exceptions and tolling provisions. Professor Richard Denzer, in his scholarly commentary on the new section, distinguished the board rules from the new statute as follows (Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 30.30, 1972-1973 Annual Pocket Part, p. 15): “ The vital difference is that, whereas the Board Rules were to operate, in general, simply ‘ if the cause has not been brought to trial within ’ the prescribed periods * * * those of the new statute apply only when the people are not ready for trial within ’ the prescribed periods * * * Thus, diligence, blamelessness or readiness on the part of the District Attorney once again constitutes good cause for what would otherwise be undue delay requiring release or dismissal. ’ ’
I concur in this reasoning. Thus, the Legislature adopted what is now commonly referred to as the “ ready rule ”, focusing its attention primarily on prosecutorial delay.
That the Legislature intended to avoid the arbitrary rules of the Administrative Board is supported by the legislative pronouncement in the last section of the law (L. 1972, ch. 184, § 5) which provides: “ This act (adding this section, amending sections 30.20, 170.30, 210.20, and repealing former section 30.30) shall take effect immediately (April 28, 1972), shall apply to criminal actions commenced on or after the first day of May, nineteen hundred seventy-two, and shall be deemed to supersede any rule of the Administrative Board of the Judicial Conference specifying periods of time within which a criminal action must be brought to trial, and any such rule heretofore or hereafter adopted shall be of no force or effect.”
Obviously the Legislature chose a middle course. It surveyed the entire situation and recognized that it had to strike a balance between defendant’s right to a speedy trial and the public’s right to an orderly society. It adopted a balancing test in which the conduct of both the prosecution and the defendant is weighed (Barker v. Wingo, 407 U. S. 514).
In the case at bar the defendant or defendants were arrested for crimes committed between the early part of May and the *16 early part of August subsequent to the enactment of the instant statute. The motion papers reveal that all of the defendants were indicted, arraigned and the case conferenced in Part IA without success and subsequently assigned to Part VI for trial and appeared on the reserve calendar in the early part of October— a post-indictment delay of between three and five months. No complaint was made that the District Attorney was dilatory in seeking an indictment, arraignment or delay in setting the case for conference or assignment to the trial part.
In view of the congested calendars with the attendant backlog, and the fact that in this county the Grand Jury has been returning indictments on the average of 1,000 per month, the delay is not unreasonable and not' of the District Attorney’s making, but rather the result of conditions beyond his control. However, the statute retains the time periods of the Administrative Rules indicating that though it would recognize a reasonable period of delay caused by the backlog of cases as expressed in People v. Ganci (27 N Y 2d 418, supra), it did not intend, as suggested by the District Attorney, to relieve him and/or the courts from their obligation of making an honest attempt at giving defendants their constitutional right to a speedy trial.
Under the circumstances the court concludes that the delay in these cases was reasonable and occasioned by the exceptional circumstances of calendar congestion and comes within the purview of one of the tolling provisions of the statute such as that found in paragraph (g) of subdivision 4 thereof which provides as follows: “ 4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * * (g) other periods of delay occasioned by exceptional circumstances”. (Emphasis supplied.)
However, it must be emphasized that the time period in which the People must be ready is merely tolled by the period of delay and that the time sequence expressed in the statute must be honored.
Examining the District Attorney’s reasons for the delay, the court holds that the delays here involved are excusable up to the time the cases appeared on the reserve calendar and the 90-day period in which the District Attorney must be ready commences as of that time. It should be noted that ñót in all cases will the same result be reached; it will depend On the speed in which the case is processed and other pertinent and relevant factors.
At this point the court brings to the attention of the bar the words qf Chief. Judge Fuld in the case of Tooker v. Lopez (24 *17 N Y 2d 569, 585) with respect to court-made rules: “ Guidelines of the sort suggested will not always be easy of application, nor will they furnish guidance * * * in all cases. They are proffered as a beginning, not as an end, to the problems of sound and fair adjudication.”
Accordingly, the motion is denied in all respects.