### (January 4, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION FRANKLIN, Petitioner, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH EDWARDS, Petitioner, v. WARDEN, RIKERS ISLAND ADULT REMAND SHELTER C-71, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL ROBERTS, Petitioner, v. WARDEN, RIKERS ISLAND ADULT REMAND SHELTER C-71, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT HERMANN, on Behalf of JAMES ABNEY, Petitioner, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT HERMANN, on Behalf of BARBARA A. BOONE, Petitioner, v. WARDEN, NEW YORK

CITY CORRECTION INSTITUTE FOR WOMEN, Respondent.— In each of these five habeas corpus proceedings, the writ is dismissed, without costs. The relators allege that they have been incarcerated for more than 90 days; that they are charged with one or more felonies; that they are unable to give bail; that the People are not ready to try their cases; and, therefore, that the relators are entitled to be released upon their own recognizance pending trial pursuant to CPL 30.20, 30.30. In opposing the proceedings, the People assert that in each of these cases the prosecution was ready for trial within 90 days after the applicable commitment date; that each case is now in a trial part of the court awaiting trial; and that the cases have not been tried as yet only because of calendar congestion and the lack of sufficient trial facilities in Kings County. CPL 30.20 provides that after a criminal action is commenced, the defendant is entitled to a speedy trial. CPL 30.30 (subd. 2, par. [a]) provides, in relevant part, that where a defendant has been committed to custody in a criminal action, he must be released on bail or on his own recognizance, upon such conditions as may be just, if the People are not ready for trial within 90 days after the commencement of his commitment where he is accused of a felony. CPL 30.30 (subd. 4, par. [g]) provides that in computing the time period within which the People must be ready for trial, there must be excluded periods of delay occasioned by "exceptional circumstances". The relators contend that it is common knowledge that calendar congestion in the Supreme Court in Kings County is of serious proportions; that as of December 1, 1972 there were 519 defendants who had been in jail for more than 90 days after assignment to a trial part and 1,973 defendants who had been in jail for six months or more awaiting trial; that the number of defendants in jail awaiting trial in the Supreme Court in Kings County increased 75% between November, 1971 and November, 1972; that the volume of active pending defendants grew from 2,364 in October, 1971 to 5,260 in November, 1972; and that the number of cases marked ready for trial in each Legal Aid Society part in the Supreme Court in Kings County exceeds 300. The relators argue that the existence of this problem of calendar congestion must have been apparent to the Legislature when it enacted section 30.30; that it cannot be considered an "exceptional circumstance" to excuse delay in trial; and that if court congestion is regarded as such a circumstance, the statute is a cruel hoax. The People contend, however, that CPL 30.30 (subd. 2, par. [a]) merely requires that the People be ready for trial within a certain time limit; that the People were ready within that time; that there has been no delay by the prosecution in processing these cases; and that the prosecution has no control over the insufficient trial facilities presently available. In our opinion, the People are correct in their assertion that the relators are not entitled to release under section 30.30 unless the prosecution was not ready for trial within 90 days after the commencement of commitment. Each of the cases has been assigned to a Trial Part and will be tried in its regular order as older cases are disposed of. We think the legislative intent in this regard is clear from a comparison of the statutory provisions with the rules of the Administrative Board of the Judicial Conference, promulgated May 3, 1971, which the statute expressly superseded (Rules of the Admin. Bd., §§ 29.1 to 29.27, inclusive; 22 NYCRR 29.1–29.7). As Professor Richard G. Denzer has pointed out in his 1972 Supplementary Practice Commentary to section 30.30 (McKinney's Cons. Laws of N. Y., Book 11A, CPL 30.30 [1972–1973 Supp.]), rule 29.1 provided for the release of a defendant whose case "has not been brought to trial" within 90 days after his arrest. The commentary continues that despite several exceptions, the general thrust of the rules was that "discharge or release was to occur under such circumstances even though the District Attorney was not at fault either.

Realistically, this meant that, contrary to former law * * * calendar congestion, lack of facilities and virtually any other factor rendering it physically impossible to dispose of trial calendars within the prescribed periods constituted no excuse for the industrious metropolitan prosecutor ready to go to trial but unable to do so through circumstances beyond his control." CPL 30.30 (subd. 5) represents a clear legislative disapproval of the intended effect of the promulgated rules and, in our opinion, left intact the prior decisional law that good cause for delay existed when the delay was not "chargeable to the prosecutor and * * * occurred for reasons beyond his control or the control of the court" (*People* v. *Ganci*, 27 N Y 2d 418, 423, cert. den. 402 U. S. 924; see, also, *People* v. *Minicone*, 28 N Y 2d 279, 281, cert. den. 404 U. S. 853). Accordingly, the relators are not entitled to release under CPL 30.30 and their writs should be dismissed. This interpretation of section 30.30 does not mean, however, that the District Attorney's office controls the composition of the Ready Calendar or the movement of the cases appearing on it. The power to regulate the order of its business or its calendar practice is in the court (*Matter of McDonald* v. *Goldstein*, 273 App. Div. 649). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.