## (May 9, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST L. GOODMAN, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered March 14, 1973, convicting defendant, on his plea of guilty, of the crime of assault second degree. On June 27, 1972 defendant's wife filed a felony complaint charging her husband with assault in the second degree. Arrested three days later, defendant was arraigned on September 13, 1972 and the matter came on for a preliminary hearing on January 4, 1973. Following a February 1, 1973 indictment for assault second degree, defendant pleaded guilty thereto on March 5, 1973 following denial of an application for dismissal based on a claimed delay in prosecution. The record indicates that on two occasions defendant withdrew a waiver of a preliminary hearing and that before indictment the felony complaint was referred to Family Court. The length of delay caused by these occurrences, if any, and the responsibility of defendant therefor are not set forth so as to permit intelligent review. (See CPL 30.30, subd. 4; *People* v. *Mintz*, 38 A D 2d 943; *People* v. *Townsend*, 38 A D 2d 569.) Determination of appeal withheld and case remitted to the County Court, Albany County, for hearing and determination as to whether or not there were any periods of delay to be excluded from the time within which the People should have been ready for trial. Staley, Jr., J. P., Greenblott and Cooke, JJ., concur; Kane and Main, JJ., dissent and vote to reverse in the following memorandum by Main, J: Main, J. (dissenting). We dissent. Upon arraignment, after indictment for the crime of assault in the second degree, defendant moved for dismissal in accordance with CPL 30.30 (subd. 1, par. [a]) contending that the People were obviously not ready for trial within six months, in that he was not indicted until seven months after the commencement of the action. The motion was denied. Defendant claims this was error, and we agree. It is clear and uncontested that the criminal action was commenced on June 30, 1972 and that the defendant was indicted on February 1, 1973. Delay of this duration, if unexplained, is contrary to the requirements of CPL 30.30 (subd. 1, par. [a]) and contrary to the spirit and purpose of recent significant legislation aimed at removing uncertainty and inconsistency from the prior law dealing with speedy trials while, at the same time, not unduly burdening either the People or the defendant (see Supplementary Practice Commentary by Richard Denzer, McKinney's Cons. Laws of N. Y., Book 11A, CPL 30.30, pp. 17–19). CPL 30.30 (subd. 1, par. [a]) requires the dismissal of an indictment where, in the absence of a showing of good cause, the People are not *ready for trial* within six months of the

commencement of the criminal action involving a felony. Here, there was a lapse of seven months during which time the People were obviously not ready for trial and the prosecution, which has the burden of establishing good cause for such inordinate delay (*People* v. *Reynolds,* 39 A D 2d 812), has failed to do so. It cites an alleged transfer of this matter back to the Family Court in October, 1972, but, contrary to the findings of the majority, there is no official record of this occurrence and only an almost illegible notation on the back of the felony complaint to substantiate this claim. Furthermore, there is no showing that the defendant was responsible for the transfer and thereby delayed the proceedings. Similarly, while notations on the back of the felony complaint might be interpreted to indicate that at some time defendant withdrew a waiver of a preliminary hearing, there is nothing in the record which demonstrates that this conduct caused any appreciable delay. The fact that the defendant was held for two and one-half months prior to his arraignment on the complaint is only too indicative of the laxity of the prosecution in this case. As noted above, there was to be further delay before indictment, and now, after almost two years of incarceration for the defendant, the majority seeks to grant the prosecution even more time to carry its burden and adequately explain such delay while the defendant remains in jail. A man's freedom must not receive such cavalier treatment or be so casually denied. On the contrary, the long period of delay remaining substantially unexplained (cf. *People* v. *Minicone,* 28 N Y 2d 279, cert. den. 404 U. S. 853), there was no basis upon which the trial court could exercise its discretion, and defendant's motion should have been granted and the indictment dismissed.