THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY IMBESI, Appellant.— Judgment, Supreme Court, New York County, rendered on June 28, 1972, is affirmed. Our dissenting colleagues agree with us that but for the claim of deprivation of a speedy trial, the points raised on this appeal are without merit. Defendant stands convicted, after a fair trial to a jury, of the attempted rape of a young airline stewardess. He was sentenced

to a maximum of three years' imprisonment and has already been released on parole. Defendant was arrested August 24, 1968 and released on bail a few days thereafter. He remained at liberty until his trial, which commenced January 3, 1972. On October 14, 1971 appellant moved for dismissal of the indictment on the grounds of failure to prosecute. It was conceded by defendant that some of the adjournments and delays were requested by him. However, the court, in denying the motion, noted that since March 30, 1970 the case had been adjourned 11 times, mostly at the request of the People. The District Attorney argued that he was busy trying jailed defendants, but the court ordered defendant's trial during the January 1972 Term upon penalty of dismissal. The trial and conviction followed within the time limit set. The United States Supreme Court in *Barker* v. *Wingo* (407 U. S. 514, 530) set forth the four factors to be weighed by a court in deciding a motion to dismiss for failure to afford the defendant a speedy trial: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." True, part of the delay was by the People, plainly due to lack of manpower and facilities and the necessity of granting trial preference to prison cases. In *Barker* v. *Wingo* (*supra*, p. 529) the Supreme Court has suggested that a court should "weigh the frequency and force of the objections as opposed to attaching significant weight to a purely *pro forma* objection." We note that defendant objected to the delay only once, more than three years after his indictment and, lastly, we note that defendant suffered no prejudice during the long period he was free on bail awaiting trial. Under the principles enunciated in *Barker* v. *Wingo* (*supra*), and as viewed in terms of related case law, appellant has failed to establish that he was unjustifiably denied his right to a speedy trial. Convictions involving delays of similar or longer duration chargeable to the People have been affirmed as not constituting a violation of due process. (*Barker* v. *Wingo, supra*; *People* v. *Barker*, 33 A D 2d 892, affd. 30 N Y 2d 626; *People* v. *Scicchitano*, 41 A D 2d 903.) Concur — Nunez, Tilzer and Capozzoli, JJ.; McGivern, P. J. and Murphy, J., dissent in the following memorandum by Murphy, J.: We would reverse this conviction and dismiss the indictment for the unreasonable and unsatisfactorily explained delay in prosecution. Defendant was arrested on August 24, 1968, on the complaint of a girl he had "dated" the preceding evening. He was released on $5,000 bail a few days later and indicted on September 10, 1968 for attempted rape and lesser crimes. On January 3, 1972, some 40 months later, he was brought to trial and convicted of attempted rape in the first degree. In October, 1971, defendant moved to dismiss his indictment contending that the then 37-month delay had deprived him of his constitutional right to a speedy trial. After noting that the initial portion of the delay, in 1969, was attributable to defendant's hospitalization for an operation and post-operative convalescence and that some delay was due to pretrial procedures, the court concluded that almost all of the adjournments after March 30, 1970 were chargeable to the People. Accordingly, the indictment was conditionally dismissed, unless the matter was tried by the conclusion of the January 3, 1972 Term. Under the circumstances here presented, the motion should have been granted unconditionally. The sole excuse proffered below for the delay was the assigned prosecutor's preoccupation with trials incarcarated defendants; and the principal argument advanced here for rejection of defendant's contention is lack of prejudice. We find neither the excuse for the trial delay nor the justification for the denial of defendant's speedy trial claim legally acceptable. The factors enumerated in *Barker* v. *Wingo* (407 U. S. 514, 533) for consideration in assessing speedy trial claims (length of delay, reason for delay, defend-

ant's assertion of his right, and prejudice to the defendant) "have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." In *Moore* v. *Arizona* (414 U. S. 25, 26) the Supreme Court reaffirmed that "*Barker* v. *Wingo* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial." The prosecutor's assertion below that "it is the primary responsibility of [the District Attorney's] office to give first priority to prison cases involving crimes of violence" was convincingly disposed of in the concurring opinion of Mr. Justice White in *Barker* v. *Wingo* (*supra,* p. 537): "It is appropriate to emphasize that one of the major purposes of the [speedy trial] provision is to guard against inordinate delay between public charge and trial, which, wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' *United States* v. *Marion,* 404 U. S. 307, 320 (1971). These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty. It is also true that many defendants will believe that time is on their side and will prefer to suffer whatever disadvantages delay may entail. But, for those who desire an early trial, these personal factors should prevail if the only countervailing considerations offered by the State are those connected with crowded dockets and prosecutorial caseloads. A defendant desiring a speedy trial, therefore, should have it within some reasonable time; and only special circumstances presenting a more pressing public need with respect to the case itself should suffice to justify delay." The 19-month delay preceding defendant's motion to dismiss was presumptively prejudicial to defendant. (*People* v. *Rodriguez,* 45 A D 2d 41.) Since such delay was chargeable to the prosecutor and he had failed to establish good cause justifying the same, defendant's motion to dismiss the indictment should have been granted. (*People* v. *Wallace,* 26 N Y 2d 371; *People* v. *Terranova,* 43 A D 2d 575.) Accordingly, we would reverse the judgment of conviction and dismiss the indictment.