■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN ADAMS, Appellant.— Judgment entered in the Supreme Court, New York County, on April 12, 1972 is hereby affirmed. Defendant was sentenced upon his plea of guilty of attempted burglary in the third degree to a period of up to three years imprisonment to run concurrently with two other prison sentences which he was then serving. The record does not support appellant's claim that he was improperly denied a speedy trial. In affirming we have examined and weighed the conduct of both the prosecutor and the defendant. Furthermore, in assessing defendant's claim we have considered the length and the reason for the delay, defendant's assertion below of his right to a speedy trial and the prejudice to the defendant. (*Barker* v. *Wingo,* 407 U. S. 514.) Under the principles enunciated in *Barker,* and as viewed in terms of related case law, appellant has failed to establish that he was unjustifiably denied a speedy trial. Convictions involving delays of similar or longer duration have been affirmed as not constituting a violation of due process. (See *Barker* v. *Wingo, supra*; *People* v. *Barber,* 33 A D 2d 892, affd. 30 N Y 2d 626; *People* v. *Scicchitano,* 41 A D 2d 903.) Concur — Nunez, J. P., Kupferman and Tilzer, JJ.; Murphy and Lupiano, JJ., dissent in the following memorandum by Murphy, J.: I would remand for a hearing to determine the reasonableness of the delay herein and withhold decision on the appeal pending such determination. Defendant was indicted and charged with burglary in the third degree and lesser related crimes on February 26, 1970, in connection with an incident which allegedly occurred on April 15, 1968. On May 12, 1970, a motion to dismiss the complaint for failure to find an indictment (Code Crim. Pro., § 667) was dismissed as moot. In January, 1971, defendant served a *pro se* application to dismiss the indictment for failure to accord him a speedy trial; but apparently never filed it and no decision was rendered thereon. On April 12, 1972, four years after the alleged offense and some 26 months after indictment, defendant pleaded guilty to attempted burglary in the third degree and was sentenced to an indeterminate term of imprisonment not to exceed three years. On this appeal defendant contends he was denied his constitutional right to a speedy trial. Respondent argues that defendant is entitled

to no relief since he "has not made even a minimal effort to show whether he consented to any alleged delay in the court below or whether he *properly* complained about the alleged failure to afford him a speedy trial." (Emphasis supplied.) Undoubtedly, the word " properly " was used to refer to defendant's failure to docket his January, 1971 application; service of which the District Attorney concedes. The People, however, have impermissibly transferred the burden since speedy trial motions " are addressed to the discretion of the court [and] it is incumbent upon the People to establish good cause so as to justify a delay and allow the court, in the exercise of that discretion, to sustain the indictment" (*People* v. *Wallace*, 26 N Y 2d 371, 374). Since the delay herein was presumptively prejudicial, defendant is entitled to a hearing as to its reasonableness. (*People* v. *Rodriguez*, 45 A D 2d 41.) Lupiano, J., concurs.