Leon B. Polsky, ¡J.
The defendant, charged with criminal sale of a controlled ¡suhstance in the .-third and first degrees, arising out of two alleged sales of cocaine occurring on November 28, 1973 and December 13, 1973, respectively, moves to dismiss the indictment on the ground that the delay between the alleged criminal acts and his arrest on April 23, 1974 was unreasonable and has deprived him of the ability to defend against the charges.
Loosely based on People v. Townsend (38 A D 2d 569), these motions are being made with ever-increasing frequency. Uniformly, the papers in .support of the motions fail to, present or focus on the issues which the court must decide.[1] The case before me does not depart from this, unfortunate pattern.
The affirmation in .support of the motion was executed by defendant’s counsel and states:
“ Upon information and belief, defendant 'Smithline is unable to contribute to his defense in any meaningful way due to prearrest delay. Having interviewed him extensively, as well as persons he was associated with at the time, the dates of the alleged criminal activity merge into the indistinguishable past.
“ Upon information and belief, .the delay results in such damage to the defense that the guarantee of an accurate fact finding by- adversary contest at trial would be violated.
“ Upon information and belief, the .delay of over five months by'the law enforcement officials was unreasonable ”.
An attorney’s affirmation which, in effect, says my client tells me he does not remember the particular day in question is insufficient both as to content and form to raise the Townsend issue, Averments of lack of memory of a particualr date several months .past can be made by anyone with some degree of truthfulness. The averments in the motion must be addressed to the facts which the People have disclosed or bound themselves *637 to in a bill of particulars.[2] The ¡supporting papers should be upon the affidavit of the person asserting his ability to defend has been impaired. Bfuntly ¡stated, a defendant who wishes to claim that the charges against him should be dismissed because he does not meaningfully remember the events described in the indictment and pretrial disclosures, must make his assertion in a form which could be used to impeach inconsistent testimony given by him at trial. It would make a mockery of the court process to permit a claim to be' asserted on the theory that the People’s delay had impaired the defendant’s recollection of the events and then to have ttie defendant testify unimpeached at trial to his version of the events he previously claimed to be beyond recall.[3]
Additionally, or perhaps independently, the motion must be based upon a claim of actual prejudice; the mere possibility of prejudice is not enough to even require that a pretrial hearing be held. As was said in United States v. Marion, (404 U. S. 307, 325-326): “ Appellees rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost * * * these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial .and to therefore justify the dismissal of the indictment. Events at the trial may demonstrate actual prejudice, but at the present time appellees’ due process claims are speculative and premature.” It is of significance that the three concurring Justices (per Douglas, J., p. 326) agreed that the three-year delay in charging the defendants did not warrant the dismissal of the indictment ¡merely because of the allegation “ that there is great likelihood that the recollection of such events will be blurred or erased by the frailities of human memory ” (p. 335).
While I might not agree that an unexplained three-year delay is not .sufficient to warrant a pretrial hearing on somewhat speculative allegations, the necessity for precision and affirmative allegations increases as the time lessens.
*638 For the reasons stated, the defendant’s motion based upon a claimed five-month delay is denied with leave to renew pretrial upon a more affirmative showing of prejudice. If the moving papers and the People’s responsive pleading indicate a fair possibility that a hearing on the motion will obviate the necessity for a trial, then ;such a hearing will be held. If not, then the motion will be referred to the Judge to whom the ease is assigned” for trial, who in light of the evidence adduced at trial will be able to pass upon the merits of the motion. (United Slates v. Marion, 404 U. S. 307, supra; People v. Collins, 66 Misc 2d 340.)

. Although the moving papers are insufficient on their face, the People have submitted answering papers which require some comment, if only for the guidance of the respondents in future motions. The People have submitted a "Memorandum in Opposition to a Townsend Motion” in which it is asserted that the defendant herein is not entitled to a hearing. Interspersed among the legal arguments are factual assertions (e.g. “ The reason for the four and one-half month delay in the present case is that the defendant could not be located by the police.'” The People also assert that a continuing investigation was in progress). Unless such facts are set forth in a proper pleading, they cannot be considered by the court. All factual assertions, except those relating to facts already appearing in the court records are deemed to be stricken from the People’s response.

. Heretofore I have generally declined to follow the broad discovery allowed in People v. Rice (77 Misc 2d 582); People v. Wright (74 Misc 2d 419); People v. Barnes (74 Misc 2d 743). Henceforth, I will generally grant broader discovery in cases where there has been a significant prosecntion-oceasioned delay between the alleged criminal act and the defendant’s being alerted to the charges. (Cf. People v. Francabandera, 33 N Y 2d 429.)

. I do not read Simmons v. United States (390 U. S. 377) as precluding such use. (See Brown v. United States, 411 U. S. 223, 229 and Harris v. New York, 401 U. S. 222.)