Oscar Murov, J.
This is a motion to dismiss the indictment pursuant to CPL 210.20 upon the ground that the defendant has been denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United State Constitution and CPL 30.30.
On June 27, 1973, an indictment charging the defendant with the commission of the crime criminal usury was handed up to then County Court Judge Gordon M. Lipetz. The indictment was ordered filed and sealed and remained so until February 28, 1974, when the indictment was unsealed and the defendant arraigned thereon.
Pretrial motions were filed thereafter and decisions thereon were rendered by the court on June 4, 1974. The indictment was not placed upon the trial calendar until some five months thereafter on November 4, 1974.
Defendant acknowledges that he is accountable for the period of delay between February 28, 1974 and June 4, 1974, while the District Attorney assumes responsibility for the period of delay amounting to five months commencing on June 4, 1974 and terminating on November 4, 1974. The only period as yet unaccounted for is that consisting of a delay of approximately eight months following the sealing of the indictment. The decision herein addresses itself to said period.
CPL 30.30 (subd 1), as applies herein provides that a motion to dismiss must be granted when the People are not ready for trial within six months of the commencement of a criminal action. "A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court”. (CPL 1.20, subd 16.) Accordingly, the time within which the People are required to have been ready for trial must be computed from the date the indictment was filed, June 27, 1973.
CPL 30.30 (subd. 4) sets forth specified periods that must be excluded from the computation. Paragraph (g) of said subdivision would excuse periods of delay occasioned by exceptional circumstances. The exact definition of exceptional circumstances is not contained in the subdivision. Explicit reference is made to continuances granted at the District Attorney’s request in two situations; namely, where delay is due to the unavailability of evidence and where more time is required by the prosecutor to prepare the case. Other exceptional circumstances are not enumerated.
The District Attorney alleges that proceedings following the *1053 filing of the sealed indictment were postponed so as to avoid conflict with and possible jeopardy to a more extensive indictment being prepared against this defendant by Federal authorities. The Federal indictment, it is alleged, concerns occurrences and businesses situated in Suffolk County and involves witnesses that are Suffolk County residents. The People allege that their principal witness is also a principal witness in 10 of the counts of the Federal indictment.
The determination as to what other exceptional circumstances excuse prosecutorial delay is left to the sound discretion of the court. (3 Zett, New York Criminal Practice, § 23.5[7c].)
In People v Sturgis (77 Misc 2d 766), the court held that the lack of an adequate staff in the District Attorney’s office could not serve as a basis for the court’s refusal to grant a motion to dismiss the indictment based upon a violation of CPL 30.30.
Calendar congestion was held to serve as a sufficient basis for refusing a motion for release upon recognizance (CPL 30.30, subd. 2) provided the People were ready for trial within the statutory period and were prevented from proceeding to trial by factors rendering it physically impossible. (People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 41 AD2d 531; see, also, People v Henderson, 72 Misc 2d 12.) The question of court congestion remains an open issue, however, for upon appeal to the Court of Appeals that court did not reach the question of calendar congestion but rather based its affirmance of the Appellate Division decision upon the failure of the appellants to establish that "the People [were] not ready for trial”. (See People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498, 501, 502, n 4.) Accordingly, it would appear the proviso in the Appellate Division decision that it be established that the People were ready for trial in addition to demonstrating "exceptional circumstances” is inappropriate. One would think that a motion made pursuant to CPL 30.30 would be denied in either case. A motion for CPL 30.30 relief made before the People are ready and before the expiration of the period specified in the statute as computed with reference to subdivision 4 (tolling provisions) should be denied as premature.
The District Attorney’s forebearance in proceeding further after indictment was the product of an agreement between county and Federal authorities and was designed to keep *1054 secret the ongoing criminal investigation and grand jury proceedings conducted by the Federal authorities.
No reported authority has been found in this court’s research to suggest that abstention by the prosecutor in the spirit of co-operation with other law enforcement authorities constitutes excusable exceptional circumstances.
The court will not speculate as to what possible effects would result from the refusal of the District Attorney to cooperate with the Federal authorities. The court will not, however, discourage future co-operation by penalizing the prosecution for the instant delay. "Delay alone does not automatically breach the defendant’s constitutional and statutory rights. Each case must be determined on balance, i.e., the conduct of the prosecution and that of the defendant are weighed.” (People v Timothy, 34 NY2d 867, 868.) The court finds nothing unseemly in the conduct of either, but the periods of delay attributable to both, other than the five-month interval preceding November 4, 1974, must be excluded from the computation- of the period wherein the People were required to be ready for trial.
In view of the foregoing, it is the decision of the court that defendant’s motion for dismissal on speedy trial grounds is denied.