Oscar Murov, J.
The defendant, Richard Joseph Bias, was indicted on March 6, 1975 and arraigned on March 14, 1975, in connection with the alleged crimes of criminal sale of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the fifth degree. The crimes named in the indictment are alleged to have occurred on August 13, 1973, some 17 months prior to defendant’s arraignment upon a Suffolk County District Court felony complaint. Asserting a violation of his constitutional rights under the due process clause of the Fourteenth Amendment, defendant moves now for an order dismissing the indictment or, alternatively, for a hearing to determine whether or not the delay on the People’s part was reasonable. In addition to the foregoing prayer, the defendant requests a 30-day extension of time to file additional pretrial motions in the event the court fails to grant dismissal of the indictment as requested.
*1086 The decision of the Appellate Division in the Second Department in People v Townsend (38 AD2d 569) held, in a case of a pre-indictment delay of "almost a year”, that a hearing was required to determine whether or not the delay was reasonable. The decision brought forth a rash of motions for dismissal based upon alleged denial of due process occasioned by the delay that deprived defendants of the ability to defend against the charges (People v Smithline, 79 Misc 2d 635).
In Smithline (supra, p 637) the court observed that the papers supporting the motion were sworn to by counsel for the defendant, as here, and determined that, as such, they were improper as to form and as to content to raise the Townsend issue. The court stated "a defendant who wishes to claim that the charges against him should be dismissed because he does not meaningfully remember the events described in the indictment and pretrial disclosures, must make his assertion in a form which could be used to impeach inconsistent testimony given by him at trial.” The court would also have preferred a claim of actual prejudice rather than the mere possibility of prejudice asserted in the moving papers. Defendant’s motion for dismissal was denied with leave to renew "upon a more affirmative showing of prejudice” (p 638). The court added that a hearing would be held to inquire into the questions of prejudice to the defendant and the reasonableness of the People’s delay if the moving papers and responsive pleadings proved to indicate that a hearing would obviate the need for a trial.
Defendant argues in a supporting memorandum that dismissal is required where the defendant has suffered legal prejudice (citing People v Townsend, 38 AD2d 569, supra; People v Collins, 66 Misc 2d 340; People v Laskowski, 72 Misc 2d 580; People v Lopez, 73 Misc 2d 878; and People v Goodman, 44 AD2d 862).
In People v Collins (supra), the court readily acknowledged that an unreasonable delay might in some cases be a denial of due process, but added that even where some prejudice may be shown — due process has not been violated where it is shown by competent relevant and material evidence that the delay was explainable, not deliberate and that no undue prejudice attached to the defendant (emphasis provided). The court suggested that the motion was ill-timed and might be brought on at the time of trial or appeal and, thereupon, denied defendant’s motion for dismissal and the alternative *1087 motion for a hearing (but, see, People v Mintz, 38 AD2d 943, where the bringing of the motion for the first time upon appeal was held to amount to a waiver of constitutional objections).
In People v Laskowski (supra), the court offered that it was not mere delay alone which provides justification for application of the due process clause, but rather the degree of prejudice suffered (citing People v Collins, 66 Misc 2d 340, supra ). The court thereafter ordered a hearing pursuant to the authority of Townsend to determine whether there had been any prosecutorial overreaching and to allow the defendant to establish "actual prejudice” to the conduct of the defense.
In People v Lopez (73 Misc 2d 878, supra), where the People failed to execute a warrant against the defendant until 32 months after indictment and issuance of the warrant, the court held determination of the motion to dismiss in abeyance and instead invoked the Laskowski procedure.
In People v Goodman (44 AD2d 862, supra) the matter was remitted by the Appellate Division in the Third Department to the County Court for a hearing to determine whether there were any periods of delay to be excluded from the time within which the People should have been ready for trial.
Of all the cases cited by the defendant, only the dissenting opinion in Goodman would have approved an outright dismissal of the indictment on the basis of extended delay. Apparently, even if it is shown that the defendant has suffered prejudice, dismissal is inappropriate absent an inquiry into the People’s explanation for the cause of delay and a finding of no justification therefor. Defendant’s motion for dismissal of the indictment is, therefore, denied at this time.
Turning now to defendant’s alternative request for a hearing, the People contend that the moving papers, supported by the attorney’s affidavit alone, fail to make a showing of actual prejudice sufficient to raise a Townsend issue.
Defendant points to the decision in People v Rodriguez (45 AD2d 41), where a post-indictment delay of 15 months was held presumptively prejudicial and sufficient in itself to trigger an inquiry into the conduct of both the defendant and the prosecution with respect to all relevant factors including, as relevant hereto, the length of the delay, the reason for it, and the prejudice to the defendant. Defendant contends that the criteria for determining presumptive prejudice is no different *1088 in cases of pre-indictment delay than in post-indictment delay and the court can find no reason why the two should be distinguished one from the other.
In People v Adams (46 AD2d 749), defendant’s conviction was upheld despite a finding by the dissenters, at least, that a combined 22-month pre-indictment and 26-month post-indictment delay was presumptively prejudicial. The Appellate Court noted that "convictions involving delays of similar or longer duration have been affirmed as not constituting a violation of due process”. (See, also, People v Imbesi, 46 AD2d 625.) The court did not act, however, without first making its independent findings respecting the conduct of both the prosecutor and the defendant.
In view of the foregoing, this court feels constrained to grant defendant’s motion to the extent of granting a hearing (CPL 210.45, subd 6) and, accordingly, directs that a Townsend hearing be held in Part I of the County Court on the 4th day of June, 1975, with a view towards determining whether defendant has suffered such actual prejudice by the alleged pre-indictment delay, and in such event, whether the People’s explanation therefor sufficiently offsets the prejudice to the defendant.
Directing its attention to defendant’s request for a 30-day adjournment following the determination made herein, it is noted that the reason asserted by the defendant for the granting of such adjournment is that he "has no facts whatever on which to intelligently assess the charges against him” or upon which a motion for discovery might be based.
The Judicial Conference Report on the CPL which proposed legislative adoption of the single motion rule in article 255 recognized potential hardship to defendants in many cases were they to be restricted to 30 days in the preparation of pretrial motions and, accordingly, recommended that the period be enlarged to 45 days. (McKinney’s Session Laws of 1974, p 1828.) The section, as adopted, is regarded by one commentator as fundamentally fair to accuseds and to the People (Bellacosa, Practice Commentary, 1974-1975, McKinney’s Cons. Laws of NY, Book 11 A, art 255, p 110). The same commentator reports that the procedure set forth in CPL 255.20 preserves fairness and constitutionality by not foreclosing subsequent motions "if good cause shown and interest of justice incline a judge to exercise his discretion favorably.” (Bellacosa, Practice Commentary, 1974-1975, Mc *1089 Kinney’s Cons. Laws of NY, Book 11A, CPL 255.20, Pocket Part, p 111). CPL 255.20 (subd 2) excuses defendants from a rigid application of the rule where it is shown that it would be prejudicial to the defense for a single Judge to consider all the pretrial motions or where one motion seeks to provide the basis for making another motion. Defendant has failed to demonstrate to the court’s satisfaction that he qualifies for special consideration under any subdivision of article 255 and the motion for an enlargement of the time in which to file appropriate pretrial motions is denied without prejudice to renew pursuant to CPL 255.20 (subd 3). To decide otherwise under the facts herein would do violence to the purpose of the legislative enactment and give impetus to a dangerous precedent.
Accordingly, defendant’s motion herein is granted solely to the extent of the request for a Townsend hearing and is denied in all other respects.