■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY SMITH, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated September 10, 1975, which, *inter alia,* granted defendant-respondent's motion to dismiss the indictment on the ground that he had not been afforded a speedy trial. By order dated October 18, 1976 this court remitted the case to Criminal Term to hear and report as to defendant's claim that he had been denied his right to a speedy trial and directed that the appeal be held in abeyance in the interim *(People v Smith,* 54 AD2d 743). The Criminal Term has complied and rendered a decision in accordance therewith. Order reversed, on the law, motion denied, and indictment reinstated. The defendant herein was arrested on March 24, 1974 in connection with a shooting incident which resulted in the death of one Levonia Bronson. He was indicted on April 5, 1974 for manslaughter in the first and second degrees and possession of weapons and dangerous instruments and appliances, as a felony. On July 29, 1975 the indictment was dismissed for failure to afford the defendant a speedy trial. In our opinion the dismissal of the indictment was an improvident exercise of discretion. The total elapsed time from the date of arrest to dismissal was almost 16 months. This delay was neither inordinate nor entirely due to any one party (see *People v Timothy,* 34 NY2d 867). The defendant remained incarcerated only until October 28, 1974, a period of seven months, and this was due to the fact that he was being held at the same time for an unrelated robbery charge. There was no evidence of undue delay related to the instant offense (see *People v Imbesi,* 46 AD2d 625, affd 38 NY2d 629). There were the usual adjournments for calendar scheduling and one for a change of defense counsel. Although the defense claimed to be ready to proceed with the trial on January 27, 1975, the case was adjourned by

consent until March 6, 1975, adjourned by the court until April 9, 1975, and adjourned still further by the defense until May 1, 1975—a hiatus of more than three months since defendant claimed to be ready to proceed. During the following three months, on May 8, June 17 and July 9, 1975, the People requested adjournments, apparently in an attempt to obtain a reluctant key witness now residing in Florida. When a further request for an adjournment was made by the People on July 29, 1975, the defendant's motion to dismiss the indictment was granted. The prosecution then stated that it would proceed in the absence of the missing witness in order to forestall dismissal. The defense represented that it was willing to proceed to trial and did not raise a defense of prejudice. In fact, the moving papers prayed for dismissal only if "the Prosecution is still unable to move the case for trial on its next call date of July 29, 1975." Notwithstanding the parties' willingness to proceed, the court declared that it felt that the defendant had been denied a speedy trial and, in the discretion of controlling its calendar, dismissed the indictment. In view of the above, and the fact that the defense was not impaired by the delay, the motion must be denied and the indictment reinstated (see *People v Taranovich,* 37 NY2d 442, 445). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.