OPINION OF THE COURT
Norman J. Felig, J.
This is a motion by the defendant for an order dismissing the indictment pursuant to CPL 210.20 (subd 1) and CPL 30.30 on the ground that he has been denied a speedy trial.
THE FACTS
The defendant was arrested on February 26, 1978. He was charged with the theft of food stamps and cash amounting to approximately $36,000 from a check cashing establishment on November 23, 1977.
A chronology of the case is as follows: On February 27, 1978 the defendant was arraigned in APAR I, Criminal Court, and bail was set at $1,000. The case was adjourned to March 2, 1978. On March 2 in APAR II bail was reduced to $1. The case was adjourned by consent to April 10, 1978 and marked final against both sides. On April 10, 1978 both sides were ready but the case was adjourned by the court due to a congested calendar. On May 4, 1978 a preliminary hearing took place and the case was held for action of the Grand Jury. Seven months later, on December 5, 1978, an indictment was filed charging the defendant with grand larceny in the second degree.
The defendant was arraigned on the indictment in Criminal Term, Part I, on December 15, 1978 and the case was adjourned for conference in Part IA, to January 11, 1979. In the interim, the defendant brought the instant motion returnable that date. On January 11 the case was adjourned by consent to January 18. On January 18, 1979 the case was conferenced in Part IA. There being no disposition, the case and this motion were assigned to this Trial Part and adjourned to January 26, 1979. On that date argument on the motion was *988 adjourned to February 8, 1979, when argument was heard and decision reserved.
CONTENTIONS
The defendant contends that there has been a clear violation of his constitutional and statutory rights. The delay from February 27, 1978, when criminal proceedings were instituted, to the present exceeds the six-month period permitted by statute, within which a case must be brought to trial. He argues that since the delay is not attributable to him, the motion to dismiss the indictment must be granted.
The People concede that the period of delay was more than six months. However, they contend that there are justifiable reasons for the delay, making it excludable from CPL 30.30. They argue that the delay cannot be charged against them and therefore the indictment should not be dismissed.
THE LAW
As applicable to this motion, CPL 210.20 (subd 1, par [g]) provides that where a defendant has been denied a speedy trial a motion to dismiss an indictment may be granted. CPL 30.30 (subd 1, par [a]) provides that where the People are not ready for trial within six months from the commencement of a criminal action charging a felony the indictment must be dismissed. A criminal action commences with the filing of an accusatory instrument (CPL 1.20, subd 16; 100.05). If successive accusatory instruments are filed, as in this case, the action commences when the first instrument is filed (CPL 1.20, subd 16; 100.05).
Therefore, the time period with which we are concerned in this case is the time from the filing of the felony complaint in Criminal Court on February 27, 1978 to the filing of the indictment on December 5, 1978. This constitutes a preindictment delay of nine months and eight days. However, a dismissal is not automatic because the delay exceeds six months.
Although an unreasonable delay in prosecuting a defendant constitutes a denial of due process (People v Staley, 41 NY2d 789; People v Winfrey, 20 NY2d 138), when dismissing an indictment on a speedy trial claim the court must take several factors into consideration: "(1) The extent of the delay; (2) the reason for the delay; (3) the nature of the underlying *989 charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (People v Taranovich, 37 NY2d 442, 445.)
None of these factors alone is determinative of a speedy trial claim. They must all be balanced one against another.
The defendant, in the case at bar, claims that he has been prejudiced as the result of a delay of more than six months. Aside from this bald assertion he makes no showing of actual prejudice. There is no violation of due process because of a delay exceeding six months (People v Adams, 46 AD2d 749, affd 38 NY2d 605). Even where there are claims of prejudice of a specific nature, the court must first inquire into the reason for the delay. Dismissal is appropriate only if the court determines that the delay is not justified (see People v Goodman, 44 AD2d 862).
When the delay is long enough the charges may be dismissed whether or not the defendant has shown prejudice (People v Singer, 44 NY2d 241; People v Staley, supra; People v Winfrey, supra). The delays in these cases were almost four years, 31 months and four and one-half years, respectively, and there was no showing that the delays were justified. We can conclude, therefore, that a defendant is entitled to a dismissal in the absence of prejudice when the commencement of the action is delayed for a lengthy period without good cause (see People v Singer, supra; People v Staley, supra; People v Winfrey, supra).
We must now turn to the reasons for the delays in this case to determine whether they were justified.
CPL 30.30 (subd 4) recognizes that there are delays in the criminal justice system. The actual delays in a case must be computed in light of this subdivision which states that certain delays must be excluded. The delays in this case can be divided into two periods. The first is the period between the filing of the felony complaint and the preliminary hearing. The second is the period between the preliminary hearing and the filing of the indictment.
the first period: This case was adjourned on consent from March 2, 1978 to April 10, 1978 due to a superseding commitment of the defendant’s. A superseding commitment and an adjournment by consent are excludable periods of delay under CPL 30.30 (subd 4), which states:
*990 "In computing the time within which the people must be ready for trial * * * the following periods must be excluded:
"(a) a reasonable period of delay resulting from other proceedings concerning the defendant * * * [and]
"(b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.”
Therefore, this period of time, a little over one month, cannot be computed in the time charged against the People.
The delay from April 10, 1978 to May 4, 1978 was caused by a congested court calendar. On April 10, 1978 both sides were ready for the preliminary hearing but the case was adjourned by the court to May 4, 1978. This period of time also constitutes an excusable delay (see People ex rel. Franklin v Warden, 31 NY2d 498).
In the Warden (supra) cases four defendants petitioned by way of writs of habeas corpus for release from custody because they were incarcerated for a period greater than six months due solely to their inability to make bail.
The People were ready for trial within the statutory period but due to congested calendars and lack of court facilities the trials were delayed. The court held that CPL 30.30 could not be read to demand not only that the People be ready for trial within six months but also that the court facilities be available. The writs of habeas corpus were dismissed because the delay of more than six months was caused by calendar congestion and lack of adequate facilities. The court held the delays were not such as to constitute a denial of the constitutionally protected right to a speedy trial.
The Warden (supra) cases are similar to the case at bar. The period from April 10, 1978 to May 4, 1978 should not be charged against the People where the defendant was not incarcerated and the delay caused by congestion of the court calendar was not greater than six months, but merely three and one-half weeks.
The delay now attributable to the People can be reduced by a little less than two months, but there still exists a preindictment delay of over seven months which brings us to the second period.
the second period: Does the period of time between the preliminary hearing on May 4, 1978, when the case was held for action of the Grand Jury, and December 5, 1978, when an *991 indictment was filed, constitute an excusable period of delay? The People contend that this period of time falls under the "exceptional circumstances” exclusion of CPL 30.30 (subd 4, par [g]), which provides as follows:
"4. In computing the time within which the people must be ready for trial * * * the following periods must be excluded:
"(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney”.
During the period of May 4, 1978 to early September, 1978, there was a delay in presenting this case to the Grand Jury. The reason given for this delay in presentation was an investigation which the United States Attorney’s office and the United States Department of Agriculture were conducting. The investigation involved the complaining witness in the case at bar and centered around the theft of food stamps involved in this case.
The District Attorney’s office made a decision to delay the presentation of the case to the Grand Jury while the Federal investigation was pending for two reasons: first, the indictment of the complaining witness in the Federal case could have had an effect on the disposition of this case in the Grand Jury. Second, the conferring of immunity on the complaining witness by the District Attorney’s office could pose a problem for the Federal prosecution.[1]
The People contend that this period constitutes an "exceptional circumstance”. Exactly what constitutes an exceptional circumstance lies within the sound discretion of the trial court (People v Tolkow, 80 Misc 2d 1051).
In Tolkow (supra), the indictment remained sealed for eight months, after it was filed, to avoid conflict with and jeopardy to a more extensive indictment being prepared by Federal authorities. In finding that this was an "exceptional circum *992 stance” under the statute, the court held that they would not "discourage future co-operation [between the District Attorney and the Federal authorities] by penalizing the prosecution for the instant delay” (People v Tolkow, supra, p 1054).
. Although the defendant argues that the District Attorney was utilizing the Federal investigation to his advantage to test the veracity of his complaining witness and in so doing subrogating his rights to’ a speedy trial, this is not true. The District Attorney’s postponement in presenting the case to the Grand Jury reflected his co-operation with the Federal authorities. This is most assuredly not a case of the prosecution attempting to gain a tactical advantage over the accused. Such a delay would indeed be violative of due process (United States v Marion, 404 US 307, 324).
The District Attorney cites an additional case, which merits discussion.
United States v Rollins (487 F2d 409) involved a delay of more than six months. The United States Attorney adjourned his case during the pendency of an investigation into the activities of one of his witnesses, an undercover officer. The court held the investigation to constitute an exceptional circumstance under the Federal speedy trial rule. The court stated: "In determining whether facts present circumstances exceptional enough to merit an extension of time, the public interest in prompt adjudication must be balanced against the competing interests * * * Had the case been brought to trial while the investigation was in process * * * the investigation would have been frustrated. In such a situation we think the balance tips in favor of a finding of 'exceptional circumstances’ ” (487 F2d 409, 413-414).
The existence of an "exceptional circumstance” in the case at bar is even stronger. In Rollins (supra) the investigation of the officer’s activities involved a matter unrelated to the defendant’s case, while in the case at bar the Federal investigation of the complainant pertained to the facts underlying the indictment in this case.
This court finds that this is a case of an "exceptional circumstance”; no actual prejudice to the defendant has been shown. Therefore, the four-month period (May 4 to early September), during which the Federal investigation was pending is not charged against the prosecution.[2]
*993 In early September, the District Attorney’s office learned that the Federal authorities had declined criminal prosecution. The case was then presented to the Grand Jury. However, the indictment was again delayed for three more months due to the request by the Grand Jury that certain materials be subpoenaed. The response was received three to four weeks later. The prosecution contends that this three-month delay also constitutes an "exceptional circumstance” in that the Grand Jury "is not an arm of the District Attorney’s office”. Therefore, the courts should give some leeway to the People when the Grand Jury is using its own investigation powers.
The People have neglected to indicate what materials the Grand Jury wanted subpoenaed, from whom they were to be obtained and their materiality to the Grand Jury proceeding. This court has found no case wherein a delay caused by a Grand Jury using its own investigatory powers was held to be an "exceptional circumstance”. On the facts presented, this court will, therefore, charge this period against the prosecution (cf. People v Johnson, 38 NY2d 271).
In view of the foregoing the court finds that, at the least, a six-month delay was justified. In considering and balancing the following factors against one another, i.e., the length of the delay which was just over nine months, the fact that a great portion of the delay was satisfactorily explained and found to be justified under the statute, the fact that the defendant was not incarcerated during the delay but out on bail, and the fact that there was no showing of prejudice, the defendant’s motion to dismiss the indictment on the ground that he has been denied a speedy trial is denied.

. New York provides transactional immunity which means that a witness can never be prosecuted for the criminal acts to which his testimony relates (CPL 50.10, subd 1; Kastigar v United States, 406 US 441), as contrasted with testimonial immunity under Federal law. A witness receiving testimonial immunity can be prosecuted for those criminal acts if the prosecution can prove that the evidence was derived from a source independent of the compelled testimony (Kastigar v United States, supra). A witness receiving testimonial immunity in a Federal jurisdiction will not have that testimony used against him in a State proceeding (Murphy v Waterfront Comm., 378 US 52).

. Contrast the case at bar with People v Washington (43 NY2d 772), where the *993 court dismissed the indictment on the defendant’s speedy trial motion. The court would not uphold a seven-month delay in the face of "exceptional circumstances”, where there was not sufficient evidence of an investigation. (See, also, People v Floyd, 61 AD2d 844, where the People did not dispute the fact that the delay was longer than the statutory period, however, offered no justification for the delay. The indictment was, therefore, dismissed.)